Filing # 17004533 Electronically Filed 08/12/2014 03:02:34 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

DARREL ROBERTS

      Plaintiff,                           CASE NO.: 42-2014-CA-1536

vs.

DOLGEN CORP, LLC., d/b/a Dollar General Stores
a Foreign Limited Liability Company, and
DOLLAR GENERAL CORP., d/b/a Dollar General
Stores a Foreign Corporation

      Defendants

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, DARREL ROBERTS ("Plaintiff") hereby sues the Defendant, DOLGEN

CORP., LLC, d/b/a Dollar General Stores and DOLLAR GENERAL CORPORATION, d/b/a

Dollar General Stores ("Defendants") and in support states as follows:

### JURISDICTION AND VENUE

1.  This is an action in excess of $15,000 exclusive of attorney's fees and costs.

2.  Venue is proper in Marion County because the acts and omissions giving rise to this

lawsuit occurred in Marion County.

3.  Plaintiff initially instituted this lawsuit by filing his Complaint, pro se, on June 23, 2014.

Because there has been no responsive pleading filed to date, this amended complaint is proper

without leave of Court..

### PARTIES

4.  Plaintiff, DARREL ROBERTS, is, a natural person who resided in Marion County,

Florida at times relevant to this action.

5.  Defendant DOLGEN CORP., LLC., is a limited liability company organized under the

laws of Kentucky and which conducts business in Marion County, Florida. Defendant DOLLAR GENERAL CORPORATION, is a corporation organized under the laws of Tennessee and which conducts business in Marion County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, has received a Notice of Suit Rights, and has therefore complied with all prerequisites and conditions precedent to bringing this action pursuant to the Americans with Disabilities Act.

7. At all times relevant to this Complaint, Plaintiff was an employee of Defendant as that term is defined in the Americans with Disabilities Act, the Florida Civil Rights Act and the Family Medical Leave Act.

8. During his employment with the Defendant, Plaintiff became "disabled" as that term is defined under the Americans with Disabilities Act and the Florida Civil rights Act or was regarded by the Defendant as being disabled as that term is defined under the Americans with Disabilities Act and the Florida Civil rights Act .

9. Plaintiff was an exemplary employee and otherwise qualified for earning, training, promotional, and advancement opportunities which were denied to him because of his actual or perceived disability when his employment was terminated.

10. In 2012, Plaintiff was forced to take unpaid leave, without warning, pursuant to the Family Medical Leave Act to attend to his own serious health condition.

11. On or about December 9, 2012 the Plaintiff became infected with a bacterial brain infection and was transported from the Defendant's facility, while working his scheduled work shift, to the hospital, where he remained hospitalized for several days.

12. Following Plaintiff's attempted return to return to work following his discharge from the hospital, Plaintiff was informed his employment had been terminated during his brief hospitalization.

13. Ultimately, Plaintiff's employment was terminated based on his actual or perceived disability and in retaliation for having taken emergency leave pursuant to the Family Medical leave Act.

14. Plaintiff suffered adverse employment actions, including, but not limited to, the termination of Plaintiff's employment and the resulting loss of medical insurance and other benefits.

**COUNT I**
**Disability Discrimination**
**(Termination)**

15. Plaintiff re-alleges and adopts the allegations contained in paragraphs 1-14 as if fully restated herein.

16. Plaintiff is a member of a protected class as during the course of his employment with Defendant, he actually became, or became regarded as, disabled.

17. At all times material to this action, Plaintiff was qualified to hold the job he possessed until his employment was terminated in December 2012, as a direct result of his actual or perceived disability.

18. The termination of Plaintiff's employment was an "adverse employment action" as that term is defined under the applicable laws.

19. Other employees who were outside of the protected class were treated more favorably in that they were not subject to termination, as they were not actually, or regarded as, disabled.

20. Defendant acted with conscious disregard of Plaintiff's rights by terminating Plaintiff's

employment while Plaintiff was hospitalized.

21. Defendant was aware of Plaintiff's disability as the Plaintiff had to be transported, via ambulance, from the Defendant's facility to the hospital.

22. Defendant violated Plaintiff's rights under the Americans with Disabilities Act and the Florida Civil Rights Act by terminating his employment based on his actual or perceived disability.

WHEREFORE, Plaintiff seeks judgment in excess of $15,000 representing full backpay, compensatory, front pay, and attorneys' fees along with all recoverable interest in damages along with any other relief, including equitable relief, this Court deems just and proper.

## COUNT II
### Disability Discrimination
#### (Failure to Accomodate)

23. Plaintiff re-alleges and adopts the allegations contained in paragraphs 1-14 as if fully restated herein.

24. Plaintiff is a member of a protected class as during the course of his employment with Defendant, actually became, or became regarded as, disabled.

25. At all times material to this action, Plaintiff was qualified to hold the job he possessed until his employment was terminated in December 2012, based on his actual or perceived disability.

26. Defendant failed to reasonably accommodate the Plaintiff in that the Defendant refused to allow the Plaintiff to return to work under any conditions.

27. Defendant acted with conscious disregard of Plaintiff's rights by refusing to accommodate the Plaintiff and failing to allow to him return to work under any conditions..

28. Defendant violated Plaintiff's rights under the Americans with Disabilities Act and the Florida Civil Rights Act by refusing to accommodate his actual, or perceived, disability.

WHEREFORE, Plaintiff seeks judgment in excess of $15,000 representing full backpay, compensatory, front pay, and attorneys' fees along with all recoverable interest in damages along with any other relief, including equitable relief, this Court deems just and proper.

## COUNT III
## FMLA Retaliation

29. Plaintiff re-alleges and adopts the allegations contained in paragraphs 1-14 as if fully restated herein.

30. Plaintiff's leave to attend to his own serious health condition, on an emergency basis, is protected under the Family Medical Leave Act.

31. Plaintiff was eligible for leave pursuant to the FMLA as Defendant employed more than 50 employees and Plaintiff otherwise met the eligibility criteria.

32. When Plaintiff attempted to return to work following his brief unpaid leave during his period of hospitalization, he was subject to the immediate termination of his employment.

33. The Plaintiff's termination was in retaliation for having taken leave protected under Federal law and thus violated the Family Medical Leave Act.

WHEREFORE, Plaintiff seeks judgment in excess of $15,000 which represents full backpay, compensatory, front pay, and attorneys' fees along with all recoverable interest in damages along with any other relief, including equitable relief, this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Dated this __11__ day of August, 2014.

Jonathan N. Zaifert, Esquire
Florida Bar No.: 14100
*RYWANT, ALVAREZ, JONES,*
*  RUSSO & GUYTON, P.A.*
109 North Brush Street, Suite 500
Tampa, Florida 33602
(813) 229-7007 - telephone
(813) 223-6544 – facsimile
Primary: jzaifert@rywantalvarez.com
Secondary: ssuttle@rywantalvarez.com
Attorneys for Plaintiff